Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Sherry Lerwick

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Sherry Lerwick, | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| CACH, LLC; Mandarich Law Group, LLP; and John Doe, | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Sherry Lerwick, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of CACH, LLC, ("CACH"), Mandarich Law Group, LLP, ("Mandarich"), and John Doe, ("John Doe"), collectively, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

10. Plaintiff is a natural person who resides in the City of Temecula, County of Riverside, State of California.

11. Plaintiff resides in Riverside County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendants disclosing Plaintiff's alleged debt to a third part, Plaintiff was physically located in the City of Temecula, County of Riverside, State of California.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in Riverside County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

15. Plaintiff is a natural person who resides in the City of Temecula, State of California.

16. CACH is located in the City of Santa Fe Springs, in the State of California.

17. Mandarich is located in the City of Woodland Hills, in the State of California.

18. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

20. Sometime before October 8, 2013, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. Sometime thereafter, but before October 8, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt as this is irrelevant to this action.

23. Subsequently, but before October 8, 2013, the alleged debt was assigned, placed, or otherwise transferred, by CACH to Mandarich for collection.

24. On or about October 8, 2013, Mandarich, in the name of CACH, sent a representative, herein known only as John Doe, to Plaintiff's mother's house.

25. Plaintiff's mother, Marlene Cary, lives in Wildomar, California.

26. At the direction of Mandarich, John Doe asked Plaintiff's mother if Plaintiff was available. Plaintiff's mother informed John Doe that Plaintiff was not at Plaintiff's mother's house.

27. John Doe then asked Plaintiff's mother if Plaintiff lived at the Wildomar, California address. Plaintiff's mother replied "No."

28. Plaintiff's mother then asked John Doe why John Doe was inquiring as to her daughter. John Doe then stated "I'm not supposed to tell you this, but its a debt she owes."

29. John Doe went on to state that the alleged debt had "been turned over to Mandarich Law Group," and that "they are collecting for Citibank," and that the debt was "not very much over $1,000.00."

30. The purpose of these disclosures was to embarrass Plaintiff and coerce her into paying the alleged debt.

31. Plaintiff's mother then asked John Doe for Doe's first and last name. John Doe stated "No, you can't have it."

32. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendants, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendants communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendants. Consequently, Defendants violated 15 U.S.C. § 1692c(b).

33. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

34. Defendants failed to disclose in this initial written communication with the consumer that Defendants was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendants violated 15 U.S.C. § 1692e(11).

35. Defendants failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendants and that Defendants

would provide Plaintiff with the name and address of the original creditor. This omission by Defendants violated 15 U.S.C. § 1692g.

36. John Doe is an employee of Mandarich's and Mandarich is an employee of CACH. All parties are vicariously liable pursuant to Respondent Superior.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

39. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendants, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

//
//

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: May 16, 2014           By: s/ Crosby S. Connolly
                                 Crosby S. Connolly
                                 Attorneys for Plaintiff